RECEIVED
CHAMBERS OF

JAN 18 2008

[JUDGE] SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re CITIGROUP PENSION PLAN ERISA : 
LITIGATION : MASTER FILE: 05 Civ. 5296
: (SAS/HP)
THIS DOCUMENT RELATES TO: :
ALL ACTIONS :

[PROPOSED] JUDGMENT

WHEREAS, by Order dated December 11, 2006 (*In re Citigroup Pension Plan Litig.* ("*Citigroup I*"), No. 05-5296, 2006 WL 3613691 (S.D.N.Y. Dec. 12, 2006)), based upon stipulated facts, this Court denied summary judgment for Defendants, and granted summary judgment for Plaintiffs in part and denied it in part, and specifically granted summary judgment for Plaintiffs on Counts I and III insofar as these Counts allege that the Citibuilder Cash Balance Plan (the "Plan") is impermissibly backloaded since January 1, 2002, Count V insofar as this Count alleges that the Plan discriminates based on age, and Count VII insofar as this Count alleges that Defendants failed to provide Plan participants proper notice that the 2000 and 2002 cash balance amendments would reduce the rate of future benefit accrual, and ordered Defendants to reform the Plan to comply with ERISA, while noting that "[o]ther appropriate remedies have yet to be determined, in relation to the several claims for relief alleged in the Amended Complaint filed September 21, 2005";

WHEREAS, by Order dated December 19, 2006 (*In re Citigroup Pension Plan Litig.* ("*Citigroup II*"), No. 05-5296, 2006 WL 3770504 (S.D.N.Y. Dec. 19, 2006)), this Court granted Plaintiffs' motion for class certification, certifying a mandatory class pursuant to Fed. R. Civ. P. 23(b)(1)(A) and (b)(2) consisting of all participants in the Citigroup Pension Plan who participated at any time on or after January 1, 2000, their beneficiaries and Estates;

- 1 -

WHEREAS, by Order dated November 20, 2007 (*In re Citigroup Pension Plan Litig.* *("Citigroup III")*, No. 05-5296, 2007 U.S. DIST. LEXIS 86145 (S.D.N.Y. Nov. 20, 2007)), after considering the parties' respective submissions on proposed remedies to cure the ERISA violations found by the Court in *Citigroup I*, this Court: (i) ordered that Defendants cure the backloading violations found in *Citigroup I* by increasing pay credits, (ii) denied Plaintiffs' request that Defendants also provide certain additional amounts to those participants whom plaintiffs claimed would have received them under Article 4.1(e) of the Plan, (iii) denied Plaintiffs' request for additional relief based on Defendants' failure to provide proper notice of the 2000 and 2002 cash balance amendments, and (iv) reserved its rulings on the proper remedy, if any, for the Plan's violation of ERISA's ban on age discrimination, pending a ruling by the United States Court of Appeals for the Second Circuit in *Hirt v. Equitable*;

WHEREAS, the parties have informed this Court that they each intend to appeal various portions of the Court's rulings, and Plaintiffs have moved for entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b);

WHEREAS, Defendants do not oppose Plaintiffs' motion for entry of partial final judgment pursuant to Rule 54(b) on the terms provided for in this Judgment, and have also agreed, notwithstanding the partial final judgment, to continue to implement Article 4.1(e) of the Plan to the extent necessary to prevent any class member from being worse off than he or she would be in the absence of the Court's rulings in *Citigroup I and III*;

WHEREAS, the prerequisites of Rule 54(b) are met here, because:

    1.    The Court's rulings on the Plaintiffs' claims of improper backloading (Counts I and III), and notice violations (Count VII) are final in that, with respect to those

claims, *Citigroup III* has effectively ended the litigation on the merits and leaves nothing further for the Court to do;

  2.  The backloading and notice violation claims are separable from the remaining age discrimination claim on which the Court has reserved judgment, as they involve differing questions of fact and law, invoke different sections of ERISA, can be separately enforced, and different forms of relief have been sought in connection therewith; and

  3.  There is no just reason for delay in entering final judgment on Plaintiffs' backloading and notice violation claims because (i) a substantial portion of the Class consists of people who are recently retired, who are about to retire, or who are considering their investment and retirement options, and need to know what benefits their existing retirement plan will actually provide; and (ii) the resolution of the *Hirt* v. *Equitable* appeal now pending before the Second Circuit may eliminate the possibility of split or "piecemeal" appeals in the instant case;

  NOW, THEREFORE, THE COURT ORDERS that:

  1.  Pursuant to Rule 54(b), partial final judgment (the "Partial Final Judgment") be entered as to Counts I, III and VII of Plaintiffs' Consolidated Amended Class Action Complaint, in accordance with this Court's rulings on liability and remedies as embodied in its opinions in *Citigroup I* and *Citigroup III,*;

  2.  Enforcement of the Partial Final Judgment and of the Court's *Citigroup I* and *Citigroup III* orders is stayed (without bond) pending resolution of all appeals taken from the Partial Final Judgment and further order of the Court; and

  3.  With respect to class members who, at the time any final and non-appealable court-ordered remedy is implemented, will have already received a distribution of pension benefits from the Plan, in whole or in part, interest shall accrue at the rate of 6%, compounded

annually, on the portion of any retroactive adjustment to that distribution that is made in satisfaction of this Partial Final Judgment. With respect to all other adjustments to pension benefits made in satisfaction of this Partial Final Judgment, interest shall be calculated in accordance with the Plan rules governing the calculation of Interest Credits.

SO ORDERED, this 22 day of January, 2008
New York, New York

Shira A. Scheindlin
United States District Judge